UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ANDERSON, LOUIS SCOHY
and GEORGE SQUIRE,

                Plaintiffs,                No. 96-CV-70710-DT

vs.                                         Hon. Gerald E. Rosen

THE INTERNATIONAL UNION,
UNITED PLANT GUARD WORKERS
OF AMERICA et al.,

                Defendants.
_____/

ORDER TAXING EXCEPTED COSTS

         At a session of said Court, held in
         the U.S. Courthouse, Detroit, Michigan
         on      September 29, 2005

         PRESENT:  Honorable Gerald E. Rosen
                              United States District Judge

On September 20, 2004 a United States Court of Appeals Mandate was entered in favor of the Defendants. As prevailing parties, Defendants submitted to the Court Clerk a Bill of Costs, seeking costs in the amount of $22,753.75. The taxation clerk disallowed only awarded $3,164.00 of the amount requested. Defendants have filed Exceptions to the Taxed Bill of Costs and ask that the Court award them the $19,509.75 disallowed by the Clerk.

Having reviewed the Taxed Bill of Costs and Defendants' Exceptions thereto, the

Court agrees with Defendants that the Clerk erred in not taxing the additional costs requested.

First, the clerk disallowed $665.70 for the *de bene esse* video-taped deposition of David Kaufman.  This *de bene esse* deposition was authorized by the Court, admitted into evidence at trial, and referenced in the parties' post-trial briefs and the Court's Findings of Fact and Conclusions of Law.  Clearly, this is an appropriate recoverable cost.

The clerk's disallowance of $12,595.36 of the cost of security provided by Defendants for the three years the appeal of this matter was pending was erroneous.  Presumably the clerk disallowed this amount because the security was not in the traditional form of a supersedeas bond but rather was in the form of letters of credit.  The rules expressly authorize the Court to tax "premiums paid for a supersedeas bond *or other bond to preserve rights pending appeal.*"  F.R.A.P. 39(e)(3). *See also Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 177-78 (2nd Cir. 1975) (holding that court abused its discretion in disallowing costs of procuring letter of credit in lieu of bond as security for appeal).  Inasmuch as the Rules of Appellate Procedure clearly contemplate alternatives to supersedeas bonds as a means for providing security for an appeal, the Clerk should have taxed the $12,595.36 sought by Defendants in this case.

The Clerk also disallowed $275 for the cost of printing Defendants' response to the Plaintiffs' petition for rehearing *en banc*.  The response was expressly requested by the Court of Appeals.  However, the cost was incurred after Defendants filed their bill of

appellate costs in the Court of Appeals and, therefore, was not included the Mandate in its list of taxable costs. The Court finds that this is a properly recoverable cost. *See* F.R.A.P. 39 and it, therefore, will be allowed.

The Clerk also disallowed out-of-hand $5,745.20 sought for costs of copying, postage, freight, and online legal research access fees. The Court allowed costs for these same kinds of items to Plaintiffs before the case was reviewed on appeal and, therefore, in fairness, they should be allowed to Defendants as the ultimate prevailing parties.

Last, the Clerk disallowed costs in the amounts of $188.49 for the deposition of Mr. Hartlage and $120 for witness fees for three witnesses who were not identified. Mr. Hartlage testified at trial and, therefore, the $188.49 for the cost of his deposition should have been allowed. With respect to witness fees, however, Defendants have only been able to identify one witness (Mr. Webb) for whom they had sought to recover the $40 witness fee who testified at trial. Therefore, the Court will allow this one $40 cost.

In sum, the Court finds the total additional amount of costs requested by Defendants, $19,509.75 to be authorized under the law and reasonable under the circumstance presented in this case.

CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that as prevailing parties, Defendants may recover from Plaintiffs, in addition to the $3,164.00 taxed by the Court Clerk, the additional sum of $19,509.75.

SO ORDERED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 6, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager